UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BROWNER,

                Plaintiff,

                                    Case No. 11-CV-13954

vs.

                                    HON. GEORGE CARAM STEEH

FERNDALE POLICE OFFICER
JASON COLLETT, ET AL.,

                Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AS TO FEDERAL CLAIM AND
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE [DOC. 11]

This matter arises out of claims relating to plaintiff's arrest in the City of Ferndale. Plaintiff's complaint, which was filed in federal court on September 9, 2011, alleges that defendants violated his Fourth Amendment rights by arresting him without probable cause. Plaintiff also asserts state law claims of false arrest, false imprisonment, malicious prosecution and defamation. The case is before the court on defendants' motion for summary judgment. On the record at the August 29, 2012 hearing, plaintiff's counsel voluntarily dismissed plaintiff's defamation claim.

FACTUAL BACKGROUND

Plaintiff Jeffrey Browner was arrested on September 14, 2009 for stealing a bicycle in the City of Ferndale. The City had been experiencing a rash of bicycle thefts, so defendant officers conducted a sting operation in hopes of catching the perpetrator or perpetrators. The officers involved in the operation were Officers White, Collett and

-1-

Shank, all defendants in this lawsuit.  The officers placed a decoy bicycle on the southwest corner of E. Woodland and Gainsboro, where they thought David McArthur, an individual who had stolen bicycles in the past, resided.  Officer White placed the bicycle against a utility pole, unsecured by any chains or locks.  David McArthur was believed to be "a thin guy with dark hair, scruffy looking, white male." (Shank dep., 9).  The officers were not instructed to look for McArthur (Shank dep., 9), but they were hoping to catch him in the sting (Collett dep., 13-14).

At 4:00 p.m., Officer Shank was in a marked patrol car parked out of sight, two to three blocks away.  Officers White and Collett were in unmarked vehicles positioned in two different places to watch the bicycle.  At 6:30 p.m., Browner was seen approaching the bicycle.  Browner, an African American male, did not fit the physical description of McArthur.  Browner looked over the bicycle, moving and examining it.  Browner then started to walk away with the bicycle.  Officer White radioed Officers Shank and Collett to let them know the bicycle was being stolen.  Officer Shank turned on her emergency lights and stopped Browner, told him to put the bike down and place his hands behind his back.  Shank told Browner he was being arrested for stealing the bicycle.  Shank handcuffed Browner and transported him to the police station where he was booked and placed in a cell.  Browner was held in the jail for three days and charged with larceny over $1,000.

Browner is a long-time Ferndale resident and a resident of Gainsboro Street.  He was familiar with the bike thefts and had several friends and neighbors who were bike theft victims.  Browner testified at deposition that he noticed what appeared to be an abandoned bike on the end of his street.  He assumed the bike had been stolen and

-2-

abandoned, and he examined it for any information that would identify an owner.  He decided to take the bicycle to his apartment to safeguard it with the intention of photographing the bike so he could post pictures in the neighborhood to find the owner. (Browner dep., 60-61).

Following a bench trial, Browner was acquitted of the larceny charge.  Browner then filed this lawsuit against the three Ferndale police officers and police detective Brendan Moore.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to

-3-

the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d

900, 907 (6th Cir. 2001).

        If the movant establishes by use of the material specified in Rule 56(c) that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law,

the opposing party must come forward with "specific facts showing that there is a

genuine issue for trial."  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968);

see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere

allegations or denials in the non-movant's pleadings will not meet this burden, nor will a

mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248,

252.  Rather, there must be evidence on which a jury could reasonably find for the non-

movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

I.  False Arrest Under 42 U.S.C. § 1983

        To succeed on his false arrest claim, plaintiff must prove the police lacked

probable cause when they arrested him.  Fridley v. Horrighs, 291 F.3d 667, 672 (6th Cir.

2002).  For probable cause to exist, the "facts and circumstances within the officer's

knowledge [must be] sufficient to warrant a prudent person, or one of reasonable

caution, in believing, in the circumstances shown, that the suspect has committed, is

-4-

committing or is about to commit an offense." <u>Crockett v. Cumberland Coll.</u>, 316 F.3d 571, 580 (6th Cir. 2003) (citation omitted).  The establishment of probable cause requires only a probability of criminal action, not an actual showing of such activity. <u>Illinois v. Gates</u>, 462 U.S. 213, 244 n.13 (1983).  Whether there is a probability of criminal activity is assessed under a reasonableness standard based on "an examination of all facts and circumstances within an officer's knowledge at the time of the arrest." <u>Crockett</u>, 316 F.3d at 580 (quotation omitted).  Actual innocence will not render an arrest invalid if it is based on then existing probable cause that criminal activity is occurring. <u>Criss v. City of Kent</u>, 867 F.2d 259, 262 (6th Cir. 1988).

The issue is whether defendants had probable cause to arrest plaintiff for larceny over $1,000 in violation of MCL 750.356.  The statute provides that a person will be guilty of a felony if they commit larceny by stealing money, goods or chattels belonging to another and the property stolen has a value of $1,000 or more but less than $40,000. MCL 750.356(1)(a) and (3)(a).  The elements of larceny established by case law include: 1) actual or constructive taking of goods or property; 2) the carrying away; 3) with felonious intent; 4) of the goods or property of another; and 5) the taking must be without the consent of or against the will of the owner. <u>People v. Jones</u>, 106 Mich. App. 429, 432 (1981).

The police bike was valued at between $1,700 and $2,700.  Browner admitted that he took the bicycle which he knew not to be his own and was walking away with it when he was arrested.  (Browner dep., 52, 60-62, 67-68).  The officers knew that Browner took the bicycle without the consent of the owner.  The only issue is whether

there was probable cause for the defendants to believe that Browner had felonious intent.

Browner contends that he was never questioned by the defendants, before or after his arrest. He was not the suspect of the investigation, nor did he have any contraband on his person. Browner argues that the officers ignored exculpatory evidence in jumping to the conclusion that he was guilty of larceny. Browner claims that his actions were equally consistent with safeguarding the bike as they were with stealing the bike. In fact, Officer Shank herself testified that Browner told her that he was not stealing the bicycle at the time he was stopped and arrested. (Shank dep., 15). However, all that the police officers needed for probable cause in this case was a fair probability that Browner committed a crime. They did not have to have proof of each element of the larceny offense in order to have probable cause to arrest. Thacker v. City of Columbus, 328 F.3d 244, 256 (6th Cir. 2003). The Sixth Circuit has recognized that officers are "under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988). Furthermore, any facts that came to light after Browner was arrested for the bike theft are irrelevant to the question of whether the arresting officer had probable cause when plaintiff was arrested. See Klein v. Long, 275 F.3d 544, 552 (6th Cir. 2001).

Plaintiff's claimed act of waiving down Officer Shank does not preclude a reasonable belief that a crime had been committed. (Browner dep., p. 62 "A police officer car started coming, and as I went to flag her down, she rode up on me, and that's

-6-

when she told me to put the bike down and she arrested me."). It is equally reasonable for a suspect to chose to act innocent when caught in the commission of a crime as it is for the suspect to attempt to flee. In this case, accepting the evidence in the light most favorable to plaintiff, the officers had probable cause to arrest plaintiff for stealing the bicycle at the time the arrest was made.

II. Qualified Immunity

Even if Plaintiff alleges facts which, if true, might allow a jury to find a violation of his constitutional rights, government officials performing discretionary functions are entitled to qualified immunity. Rich v. City of Mayfield Heights, 955 F2d 1092, 1094 (6th Cir. 1992). "The entitlement is an immunity from suit rather than a mere defense to liability . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity is purely a question of law for the court, and should be resolved as early in the case as possible. Poe v. Haydon, 853 F.2d 418, 424 (6th Cir. 1988). However, where the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability. Sova v. Mount Pleasant, 142 F.3d 898, 903 (6th Cir. 1998).

The Sixth Circuit has set forth a three-part test for evaluating claims of qualified immunity:

> First, we determine whether a constitutional violation has occurred;
> second, we determine whether the right that was violated was a clearly
> established right of which a reasonable person would have known; finally,
> we determine whether the plaintiff has alleged sufficient facts, and
> supported the allegations by sufficient evidence, to indicate that what the
> official allegedly did was objectively unreasonable in light of the clearly
> established constitutional rights.

Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999).  Under this standard, the

defendant officers are entitled to qualified immunity if they can show that a reasonable

officer would have believed that his actions were lawful in light of the clearly established

law and the information they possessed at the time, as supported by the evidence.  See

Anderson v. Creighton, 483 U.S. 635, 641 (1987).  Qualified immunity protects "all but

the plainly incompetent or those who knowingly violate the law."  Hunter v. Bryant, 502

U.S. 224, 229 (1991).

The plaintiff bears the burden of showing that the defendants are not entitled to

qualified immunity.  Chappell v. City of Cleveland, 585 F.3d 901, 907 (6th Cir. 2009).  A

plaintiff must establish that the contours of the right in question are sufficiently clear that

a reasonable official would understand that what he is doing violates that right.  The

relevant inquiry in determining whether a right is clearly established is whether it would

be clear to a reasonable officer that the conduct was unlawful in the situation the officer

confronted.  Saucier v. Katz, 533 U.S. 194, 201-02 (2001).

In the context of claims for false arrest, the test is not whether probable cause

actually existed, but instead, whether an officer reasonably could have believed that

probable cause existed in light of the information the officer possessed.  Under § 1983,

"an arresting agent is entitled to qualified immunity if he or she could reasonably (even if

erroneously) have believed that the arrest was lawful in light of clearly established law

and the information possessed at the time by the arresting agent."  Harris v. Bornhorst,

513 F.3d 503, 511 (6th Cir. 2008) (citation omitted); see also Anderson v. Creighton,

483 U.S. 635, 641 (1987) (". . . it is inevitable that law enforcement officials will in some

cases reasonably, but mistakenly, conclude that probable cause is present and we have

-8-

indicated that in such cases, those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable.").

Given the information possessed by the defendant officers during the sting operation, including witnessing plaintiff walking away with the bicycle in his possession, the officers reasonably believed they had probable cause to arrest plaintiff for larceny for stealing the bicycle.  Defendants are entitled to qualified immunity on plaintiff's § 1983 false arrest claim.

III.  State Law Claims

Under the facts as reported by plaintiff, there was clearly probable cause for a lawful arrest of plaintiff for larceny in connection with taking the bicycle.  In addition, defendants are entitled to qualified immunity on the § 1983 false arrest claim.  Summary judgment is therefore granted on plaintiff's unlawful arrest claim made pursuant to the Fourth Amendment.  The court declines to exercise supplemental jurisdiction over the state law claims of false arrest, false imprisonment, and malicious prosecution.  Those claims will be dismissed without prejudice.

CONCLUSION

For the reasons stated in this opinion and order, defendants' motion for summary judgment on plaintiff's constitutional false arrest claim is GRANTED, and the remaining state law claims are DISMISSED for lack of subject matter jurisdiction.  Plaintiff's defamation claim has been voluntarily DISMISSED with prejudice.

Dated:  September 24, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 24, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk